1. Eʟᴇᴄᴛɪᴏɴs—*Powers and Duties of Commissioners—Returns—Mandamus.*—
The powers and duties of commissioners of election, as prescribed by
sections 133, 134, 135, 136, and 137, of the Code, are to ascertain the
results from the face of the returns, if regular, and if not regular, to
cause the irregularity to be corrected as required by the statute, and
then to ascertain the result from the returns as corrected. When the
result has been thus ascertained, and signed by the requisite number of
commissioners, and attested by the clerk, and had an abstract of the
votes cast thereto annexed, the duties of the commissioners cease and
determine. When the returns required by the statute have been made,
and the result ascertained in the manner prescribed by law, the com-
missioners cannot go behind the returns and throw out a precinct ; and
if they do, the clerk may be compelled, by *mandamus,* to issue the
certificate of election to the person previously ascertained to have been
elected.

This was an application to the court by Daniel W. McKin-
ney for a writ of *mandamus* to compel George T. Peers, clerk
of the County Court of Appomattox county, and as such *ex
officio* clerk of the Board of Election Commissioners for said
county, to issue to the petitioner a certificate of his election
as a Justice of the Peace for Southside Magisterial District
in said county, at the election held in said county May 23,
1895.

*Mandamus awarded.*

The opinion states the case.

*J. Singleton Diggs*, for the petitioner.

*Jno. W. Daniel*, *Blackford, Horsley & Blackford* and *H. D. Flood*, for respondent.

Kᴇɪᴛʜ, P., delivered the opinion of the court.

The court is of opinion that it is the duty of the commissioners of election, under section 133 of the Code, to meet at the clerk's office of the county or corporation in which they are appointed, on the second day (Sunday excepted), after any election held therein, and proceed to open the several returns which shall have been made at that office, and from the returns to ascertain the persons who have received the greatest number of votes for the several offices to be filled at the said election. The result so ascertained is to be reduced to writing, and signed by the commissioners present, or a majority of them, and attested by the clerk of the county, who is *ex officio* clerk of the board of commissioners of election, and shall be annexed to an abstract of the votes cast at such election. No other duties are imposed upon the board of commissioners of election by section 133.

Section 134 provides how irregularities in returns may be corrected.

Section 135 declares that the person having the highest number of votes for any office shall be deemed to have been elected to such office, and shall receive the certificate of election. Section 136 provides how the clerk shall make out abstracts of the votes cast for each officer chosen, when the commissioners have performed the dutes imposed upon them by the section referred to; and finally, section 137 directs that the clerk shall make out, in pursuance of the determination of the commissioners, a certificate of election for each of the persons having the highest number of votes for county, cor-

poration, or district office &ast; &ast; &ast; and deliver the same to the person elected upon his making application therefor.

In the case before us, it appears from the petition of McKinney, and the answer filed by Peers, the clerk, that the commissioners of election met, as directed by section 133; that from the face of the returns petitioner had received as candidate for the office of justice of the peace in the Southside Magisterial District of Appomattox county, 247 votes, being the greatest vote cast for any one for that office at that election. It appears that this result was ascertained in the mode prescribed by law; that it was reduced to writing, and signed by all of the commissioners present, to-wit: O'Brien, Owen, Agee, and Worley, present and acting; that it was attested by the clerk, and annexed to the abstract of votes cast at the election, as required by section 136. All these things were done in the place, at the time, and in the manner prescribed by law. The commissioners then left the clerk's office, and presently thereafter returned and undertook to reconsider their action. They reconvened and adjourned over until the following Monday, upon which day they again assembled, and threw out the vote cast at Spout Spring precinct, and ascertained that J. T. Lee, J. R. Hill, and T. W. Smith, who had received respectively, 121, 111, and 127 votes, were duly elected and entitled to the certificates of election in the room and stead of William A. Durham, D. W. McKinney, and C. W. Blockston, who had received respectively, 193 votes, 247 votes, and 210 votes, as ascertained at the session of the board held upon the preceding Saturday; and then proceeded to issue certificates of election to the persons thus ascertained to have received the highest number of votes cast.

We are of opinion that, upon the facts, the law is plainly with the petitioner.

1. When the result of the election had been ascertained

from the returns, and had been signed by the commissioners, and attested by the clerk, and had been annexed to the abstract of the votes cast, the duties of the board ceased and determined.

2. That the duties of the board, under the law, are to ascertain the result from the face of the returns where the returns are in due form, and to cause any irregularities in the making out and authentication of the returns to be corrected by those upon whom the law imposes that duty; and to this end, they are required to summon the judges and clerks of election of the particular precinct at which the supposed irregularity occurred, to appear at the courthouse upon a day named, not more than five days from the date of the summons, for the purpose of amending the returns, and upon the returns as amended, they are required to complete a canvas of votes, provided for in section 133.

3. That the board is clothed by law with no other function or duty, and the attempt to throw out a precinct was a plain usurpation of authority upon its part.

The certificate should have been awarded to the petitioner, leaving the opposing candidate to contest the election before the courts in the mode prescribed by law.

For these reasons, we think the writ of mandamus should issue as prayed for, commanding Geo. T. Peers, clerk as aforesaid, to issue to the petitioner a certificate of his election as justice of the peace for the Southside Magisterial District of Appomattox county.

Mandamus awarded.